# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00333-MR-DLH

| | |
|---|---|
| **LESLIE MASTERS,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | )   **O R D E R**<br>) |
| **URBAN OUTFITTERS, INC.,** | )<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the Court on the Supplemental Report of the Parties Concerning Mediation [Doc. 15].

On March 12, 2018, the parties submitted a Report of their Rule 26(f) conference. [Doc. 9]. In that Rule 26(f) Report, the parties advised that the Plaintiff was an opt-in plaintiff in a now decertified FLSA collective action in the Eastern District of New York, and that the parties were discussing a global settlement of all 44 individual cases in that decertified collective action. The parties further advised that that they planned to participate in a global settlement mediation on March 23, 2018. [Id.]. The day after the parties filed their Rule 26(f) Report, the Court entered a Pretrial Order and Case Management Plan in the present case, ordering the parties to select and

agree upon a mediator and to file with the Court a report identifying their selected mediator by April 3, 2018. [Doc. 10].

When no mediator designation was forthcoming, the Court entered an Order directing the parties to file a report advising of the outcome of the March 23, 2018 global settlement mediation and, if such mediation did not result in a settlement of the Plaintiff's claims, identifying their selected mediator for the present action. [Doc. 13]. On April 11, 2018, the parties filed their first Supplemental Report. While not making reference to any March 23, 2018 global settlement mediation, the parties advised that they had agreed to attend another global settlement conference on April 16, 2018. [Doc. 14]. The parties requested that this April 16, 2018 global settlement conference be deemed as satisfying their mediation obligations in this matter or, alternatively, that they be required to appoint a mediator only if they were unable to resolve this case in the global settlement conference. [Id.].

On May 1, 2018, the parties filed their second Supplemental Report. [Doc. 15]. In this report, the parties advise that they were unable to reach a resolution of this matter at the April 16, 2018 global settlement conference but would continue their efforts in a continuation of the global settlement

conference scheduled for April 30, 2018.[1] The parties renewed their request that these global settlement discussions be deemed as satisfying their mediation obligations in this matter or, alternatively, that they be required to appoint a mediator only if they are unable to resolve this case through the global settlement process. [Id.].

The Plaintiff in this action was an opt-in party in a Fair Labor Standards Act collective action that has been decertified. While the parties' efforts at a global settlement of the claims previously asserted in that decertified collective action are laudable, the parties have made no showing that any real efforts have been made to mediate the *particular disputes presented in this case*. As such, the Court will not relieve the parties of their obligations to engage in mediation. The parties shall designate a mediator for this action within fourteen (14) days of the entry of this Order.

**IT IS, THEREFORE, ORDERED** that the parties shall file a designation of mediator within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: May 21, 2018

Martin Reidinger
United States District Judge

---

[1] The Court notes, however, that this second report was filed on May 1, 2018, the day *after* the global settlement conference was to take place.